## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

HAYLEY MAE ESSENBERG,

    Plaintiff,

v.

                            Case No.: 25-cv-00368
                            Judge Robert J. Jonker
                            Mag. Judge Ray Kent

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality,
SHERIFF SEAN DUSH, individually and as employee/agent Clinton County,
CLINTON COUNTY SHERIFF'S OFFICE, JOHN DOES, to be named
individually and as employees/agents Clinton County
ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation

    Defendants.

| | |
|---|---|
| JACOB A. PERRONE (P71915) | TIMOTHY S. FERRAND (P39583) |
| Dragon Lawyers PC | Cummings, McClorey, Davis & Acho, PLC |
| Attorney for Plaintiff | Attorney for Clinton County, Dush, |
| 325 East Grand River Ave., Suite 250 | Sheriff's Office and John Does |
| East Lansing, MI 48823 | 19176 Hall Road, Suite 205 |
| (844) 525-3529 | Clinton Township, MI  48038 |
| Jacob.perrone@yahoo.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## ANSWER TO FIRST AMENDED COMPLAINT

    Defendants, CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH,

CLINTON COUNTY SHERIFF'S OFFICE and JOHN DOES, by and through their

attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for their Answer to

Plaintiff's First Amended Complaint provides as follows:

## COMMON ALLEGATIONS

    1.    This action arises under 42 USC §1983. Jurisdiction is conferred by 28

USC §1331, §1343(a)(3), and (4).

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

2.    Jane Doe No. 2 is a resident of the County of Clinton, State of Michigan, in the Western District of Michigan.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

3.    Defendant Clinton County was at all pertinent times a political sub-unit of the State of Michigan, in the Western District of Michigan. (hereinafter referred to as "Clinton County') Clinton County was at all pertinent times legally obligated to enact policies, procedures, protocols, and customs, both written and unwritten, for its law enforcement officers to strictly follow, that conform with the laws of the state of Michigan and the laws of the United States, including the United States Constitution and is the body responsible for the control and oversight of its departments, agencies and facilities.

**ANSWER:  Defendants admit that Clinton County is a Michigan county located in the Western District of Michigan.  Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

4.    Clinton County is responsible for the operation and staffing of the

Clinton County Sheriff's Office (the "CCSO") and the Clinton County Jail, ("CCJ") with said operating and staffing including the organization, training, operation and discipline of staff correctional officers and medical and mental health personnel at that facility.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

5.    At all times relevant, Defendant, Advanced Correctional Healthcare, Inc. (hereinafter "ACH), was and is an Illinois corporation, doing business in Clinton County, and contracted with Clinton County to provide medical services to CCJ inmates and is responsible for the control and oversight of the operation and staffing of medical personnel and facilities at CCJ, including the organization, hiring, training, operation, supervision, retention and discipline of medical staff personnel at CCJ and the medical training of Clinton County correctional employees.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.**

6.    Sheriff Sean Dush is a resident of Clinton County Michigan, in the Western District of Michigan, and at all material times was employed by CCSO as Sheriff. ("Sheriff Dush" ) He was a policy maker for the CCJ and represented the ultimate repository of law enforcement power in the CCJ. Sheriff Dush was

responsible for the supervision and oversight of CCJ employees including but not limited to deputies and CCJ medical personnel including those contracted through ACH. As Clinton County Sheriff, Sheriff Dush exercised administrative, command, fiscal and policy making authority over the CCSO and the CCJ, and at all times herein was acting under color of state law. Sheriff Dush was acting within the scope of his employment and under the color of State law and is being sued in his official capacity as a policy maker and Sheriff of Clinton County.

**ANSWER:  Defendants object to this allegation which is based on a false legal premise.  Subject to said objection, Defendants admit that Sheriff Sean Dush is the duly elected Clinton County Sheriff and resides in Clinton County. Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

7.    As the Clinton County Sheriff, Sheriff Dush, was employed by statute to protect the lives and property of Clinton County citizens by enforcing State laws and local ordinances, investigating crimes, and detaining inmates remanded to the CCJ in a manner which maintains the highest degree of professional excellence, integrity, and courtesy. His duties also included performing law enforcement, jail and support missions in a humane manner which reflects sensitivity to the dignity and equal rights of all citizens and reinforces the values of the community. These duties included addressing misconduct and discipline of the sergeants, officers, and

medical staff working within the CCJ.

**ANSWER:  Defendants admit that Sheriff Sean Dush is the duly elected Clinton County Sheriff authorized by constitution to carry out the statutory duties of a County Sheriff.  Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

8.    At all times relevant, each named individuals were employees/agents of Clinton County, CCSO, and/or the CCJ, engaging in the exercise of a governmental function and conduct within the course, scope and authority of his/her/their employment/agency with Clinton County, CCSO, and/or the CCJ.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

9.    Sheriff Dush, John Does, and any other yet to be named CCJ deputies or medical personnel, both individually and in their capacity as an agent of Clinton County, CCSO, CCJ and/or ACH. (hereinafter referred to as "CCJ Staff" unless identified specifically individually otherwise)

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and incomprehensible in its present form.**

10.    When the events alleged in this complaint occurred, CCJ Staff were acting within the scope of their employment and under color of law. At all material

times, CCSO employed CCJ Staff and is liable for their acts. The CCJ is also liable because of its policies, practices, and customs, which led to this complaint of violation.

**ANSWER: Defendants deny the events alleged in this Complaint and therefore deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

11.    Defendants are all being sued in their individual and official capacities. Defendant Clinton County is being sued under a *Monell* theory of liability for enacting policies, whether written or unwritten, that demonstrated deliberate indifference of suspects in its custody, such as Jane Doe No. 2. Such deliberate indifference is directly responsible for Jane Doe No. 2's significant and continuing debilitating physical and mental injuries.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

12.    This Court has jurisdiction over the claims set forth herein that arise out of federal law pursuant to 28 U.S.C. §§ 1331 & 1343 and has supplemental jurisdiction over the claims set forth herein that arise out of state law pursuant to 28 U.S.C. § 1367.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

13.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as the claims arise out of occurrences that took place within the Western District of Michigan, Southern Division in the City of St. Johns, Clinton County, Michigan.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.**

## FACTUAL BACKGROUND

1(sic).    On or about March 22, 2024, Jane Doe No. 2 was arrested for allegedly drinking while on bond and held at the Clinton County Jail (the "CCJ") pending a March 28, 2024, Bond Violation Hearing. Jane Doe No. 2 started vomiting while at CCJ almost immediately upon being lodged and showed consistent, and objective signs of medical distress that CCJ Staff were deliberately indifferent to.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

2(sic).    The preserved videos will show the CCJ Staff's level of aggravation and deliberate indifference to Jane Doe No. 2. She was held on a bond violation as a punishment without care and she almost had to pay the ultimate price, and her family almost had to bury her.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

3(sic).    The Eighth Amendment of the Constitution protects prisoners

from "cruel and unusual punishment." In 1976, the Supreme Court said in Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251, 260 (1976) ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the [8th] Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.").

**ANSWER:    Defendants object to this allegation which requires a legal conclusion.  Subject to said objection and without waiving the same, Defendants admit that the Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment and deliberate indifference to the serious medical needs of post-conviction detainees.  Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation which is vague, ambiguous and provided without context.**

4(sic).        On March 28, 2024, at 8:30 am Jane Doe No. 2 had a bond violation hearing before the 65A Clinton County District Court (the "District Court"), and the District Court and the presiding judge ordered her to be released from custody immediately due to her obvious health distress due to CCJ Staff's deliberate indifference to her health and wellbeing. She was taken directly from CCJ

to The University of Michigan Sparrow Clinton Hospital ("Sparrow"), where she was admitted.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

5(sic).        On March 28, 2024, Jane Doe No. 2 presented at Sparrow and she was observed to have a loss of consciousness with shock. She went into Torsades cardiac arrest at 2:41 pm and flatlined for 5-10 seconds before her Defibrillator restored her pulse. Bigeminy was noted on the monitor, which is a heart rhythm that has an extra heartbeat between every normal one. Jane Doe No. 2 has had no incident of cardiac arrest other than March 28, 2024, aside from July 2022, when her subcutaneous Boston Scientific ICD model number A219 cardiac defibrillator ("Defibrillator") was installed. Torsades is a ventricular tachycardia that results from very fast heart rhythm. A normal pulse rate is from 60 to 100 beats a minute. A fast heartbeat in your ventricles is more than 100 beats a minute. Torsades leads to a heart rate anywhere between 150 to 300 beats a minute. Torsades has a presenting symptom of cardiac death in up to 10% of cases.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.**

6(sic).        Jane Doe No. 2 was sent to the Intensive Care Unit (the "ICU")

due to Defibrillator firing while she had significant electrolyte abnormalities directly attributable to her cardiac incident that went entirely overlooked by CCJ Staff. She acquired long term QT syndrome ("LQTS") from electrolyte abnormalities. LQTS causes sudden fainting and seizures. LQTS is a heart signaling disorder that can cause fast, chaotic heartbeats (arrhythmias). A heart signaling disorder is also called a heart conduction disorder. Some people are born with altered DNA that causes LQTS (congenital long QT syndrome). LQTS may also occur later in life (acquired long QT syndrome) as the result of some medical conditions, certain drugs, or mineral imbalances.

**ANSWER:  Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.**

7(sic).       CCJ only had one nurse on duty, and the nurse refused to provide any care to Jane Doe No. 2 as will be shown by preserved videos that has become the standard for inmate care at CCJ. Jane Doe No. 2 is more likely to die and or suffer medical complications in the future because of CCJ Staff's deliberate indifference, as is evidenced by this extremely preventable cardiac event.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

8(sic).       The fact that on March 28, 2024, the District Court Judge was

able to readily identify that Jane Doe No. 2 was suffering medically and needed immediate medical attention. This clearly shows just how outrageous CCJ Staff's deliberate indifference was to her health and wellbeing.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

9(sic).      Jane Doe No. 2 informed CCJ staff multiple times including during her initial medical screening upon arrest that she becomes hypokalemic and hypomagnesemia during health episodes, which leads to electrolyte deficiency.

**ANSWER: Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

10(sic).      The District Court also ordered that Jane Doe No. 2 return to the CCJ after receiving medical treatment at Sparrow, which just seems asinine and arbitrary and added insult to injury. The CCJ Staff's deliberate indifference to her health and wellbeing was an objective and glaringly obvious denial of Jane Doe No. 2's basic medical needs, without any safeguards leading to her being unlawfully imprisoned and held against her will to potentially die.

**ANSWER:  Defendants object to this allegation which is based on a false legal premise and a State Court determination which cannot be re-litigated here. Subject to said objection, Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

14(sic).    Jane Doe No. 2 was held for 6 days without basic care at CCJ, and her medical condition was allowed to deteriorate, leading to her heart stopping. This physical injury was entirely preventable, resulting from gross negligence, reckless disregard, and shows a high level of disregard for basic human rights.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

15(sic).    Jane Doe No. 2 alleges that CCJ is far more primitive than jails similarly situated and that her ordeal and attendant physical injuries were coupled with significant embarrassment, indignity, and great pain and suffering mentally and emotionally stemming directly from the physical injury.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

16(sic).    Jane Doe No. 2 medical condition left her unable to appropriately care for her own health and the CCJ Staff's deliberate indifference to her visible need for assistance is egregious as will be shown through video evidence. Her concerns were brushed off by CCJ Staff despite her medical issues being widely disclosed to CCJ Staff who were responsible for her care and wellbeing because she was a custodial inmate.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

17(sic).    If CCJ Staff had appropriate policies and procedures on how to deal with inmates, including and especially related to those who have high-risk medical issues, this could have been avoided entirely. Instead, the level of CCJ Staff's deliberate indifference almost proved to be fatal. This is an issue that permeates CCJ and has affected other inmates as well. Despite CCJ and ACH policies and procedures, CCJ Staff adhered to informal customary policies exhibiting a complete disregard and deliberate indifference of inmates' health and/or sanitary and/or safety needs as illustrated by the facts as fully set forth above as well as the following:

a.    Upon information and belief, prior to Jane Doe No. 2's incarceration, another inmate had overdosed on fentanyl while in the care and custody of CCJ Staff.

b.    Upon information and belief, despite multiple requests for help from CCJ Staff an inmate with MRSA did not receive medical attention until the infection on his face developed pus.

c.    Upon information and belief, another inmate with a genital infection was not seen until the area had become swollen and exhibited signs of pus.

d.    Upon information and belief, inmates, including Jane Doe No. 2, were refused the contracted for medical attention and care that CCJ was

obligated to provide until inmates' medical conditions became so severe that CCJ was forced to send them to the hospital.

e.  Upon information and belief, inmates were often not given toilet paper and told to "fight for it." If they were not given toilet paper or could not acquire it, they were left to have a bowel movement and then take a shower to clean themselves.

f.  Upon information and belief, inmates were often not given mattresses upon arrival at CCJ and were also told to ' fight for it."

g.  Upon information and belief, upon arrival at CCJ, some inmates did not receive any medical screening and/or it was woefully limited.

h.  Upon information and belief, when inmates were detoxing at CCJ, they would not receive medical attention for days despite requesting assistance.

i.  Upon information and belief, inmates were administering medications to other inmates, including but not limited to, insulin, administering blood sugar tests, and administering other medications.

j.  While incarcerated at CCJ, a diabetic inmate had low blood sugar, communicated this with CCJ Staff and was ignored. Finally, the inmate received glucose tablets, however, CCJ Staff would not give her the correct dose, causing her blood sugar fall to alarming levels by the time

she was released; and.

k.  Against the policies and procedures of CCJ, video surveillance shows
    deputies dragging an inmate into a cell and covering up all the windows
    with Velcro padding so that it was impossible to see and/or observe the
    inmate inside of the cell.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in
fact and law, vague, ambiguous and ill-defined.   In further response,
Defendants provide as follows:**

**a.    Denied.**

**b.    Denied.**

**c.    Denied.**

**d.    Denied.**

**e.    Denied.**

**f.    Denied.**

**g.    Denied.**

**h.    Denied.**

**i.    Denied.**

**j.    Denied.**

**k.    Denied.**

## COUNT 1
### 4th, 5th, and 14th Amendment Violations

18(sic).      Jane Doe No. 2 incorporates by reference prior paragraphs.

**ANSWER:  Defendants incorporate by reference their answers to allegations 1-17 above.**

19(sic)      Jane Doe No. 2's constitutionally protected rights that CCJ Staff violated include the following:

    a.  the right to liberty protected in the substantive component of the Due Process Clause of the 5th and 14th Amendments, which includes personal safety, freedom from captivity and a right to medical care and protection

    b.  the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the 14th Amendment.

**ANSWER:  Defendants deny this allegation which is untrue and unsupported in fact and law.  In further response, Defendants provide as follows:**

    **a.    Denied.**

    **b.    Denied**

20(sic).      CCJ Staff acting under color of state law, took Jane Doe No. 2 into physical custody, not allowing her transfer by medical personnel to the hospital, as was requested by Jane Doe No. 2, who repeatedly requested that she be provided with minimal medical care. In doing so, they established a special custodial

relationship with Jane Doe No. 2, giving rise to affirmative duties on their part to secure for Jane Doe No. 2 the constitutionally protected rights identified above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

21(sic).    CCJ Staff's violation of their affirmative duties, their intervention in preventing Jane Doe No. 2's transfer to the hospital, and the delay caused by their desire to hold her prevented others from providing care to protect her constitutionally protected rights when she couldn't. While CCJ Staff's custodial control of Jane Doe No. 2 was a direct and proximate cause of the subsequent deprivation of her constitutional rights described above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

22(sic).    CCJ Staff, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Jane Doe No. 2's constitutional rights. Further, their actions in detaining her given her medical condition, showed deliberate indifference to Jane Doe No. 2's serious medical needs and deprived her of constitutionally protected rights.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

23(sic).    CCJ's detention of Jane Doe No. 2 for 6 days while her health

was obviously deteriorating was more than reckless. It was a malicious indifference.

CCJ Staff acted with a reckless and knowing disregard of an excessive risk to Jane

Doe No. 2's health or well-being. She was unlawfully and unreasonably detained at

the CCJ where she was isolated from receiving medical care. She has a defibrillator

and CCJ Staff was told that she felt faint and yet they remained entirely indifferent

to her basic health and wellbeing.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in
fact and law, vague, ambiguous and ill-defined.**

24(sic).      As a direct and proximate result of CCJ Staff's conduct, Jane Doe

No. 2 suffered physical and emotional injury, loss of freedom, and other

constitutionally protected rights described above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in
fact and law, vague, ambiguous and ill-defined.**

25(sic).      CCSO, acting under color of state law, authorized, tolerated,

ratified, permitted, or acquiesced in the creation of policies, practices, and customs,

establishing a de facto policy of deliberate indifference to individuals such as Jane

Doe No. 2.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in
fact and law, vague, ambiguous and ill-defined.**

26(sic).      As a direct and proximate result of these policies, practices, and

customs, Jane Doe No. 2 was deprived of Plaintiff's constitutionally protected rights described above.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order dismissing the above entitled litigation, denying all relief sought therein and awarding these Defendants their costs and attorney fees so wrongfully incurred.

## COUNT 2
## 8th Amendment Violations

27(sic).        Plaintiff incorporates by reference prior paragraphs

**ANSWER:  Defendants incorporate by reference their answers to allegations 1 – 26 above.**

28(sic).        The 8th Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail may not be required, nor excessive fines be imposed nor cruel and unusual punishments be inflicted.

**ANSWER:  Defendants admit that the Eighth Amendment contains provisions regarding excessive bail, excessive fines and cruel and unusual punishment. Defendants deny the remainder of the allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

29(sic).        CCJ Staff's decisions (a) to detain Jane Doe No. 2 at the CCJ while knowing her medical condition and knowing she could be immediately

transported to Sparrow, and (b) to take Jane Doe No. 2 into their custody, creating a special relationship with her, violated her constitutionally protected 8th Amendment rights by exhibiting deliberate indifference to her serious medical needs as a result of their failure to adequately protect her and/or monitor her known and serious medical condition.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

30(sic).      CCJ Staff's decision to detain Jane Doe No. 2 for 6 days before her heart stops and she almost dies, showed deliberate indifference to her serious medical needs. This violated Jane Doe No. 2'.S' constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

31(sic).      As a direct and proximate result of CCJ Staff's actions, Jane Doe No. 2 suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights.

**ANSWER:  Defendants deny this allegation which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.**

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order dismissing the above entitled litigation, denying all relief sought therein

and awarding these Defendants their costs and attorney fees so wrongfully incurred.

## **PRAYER FOR RELIEF**

Plaintiff, Jane Doe No. 2, respectfully requests that this Court enter judgment against Defendants jointly and severally, both individually and as agents of Clinton County in an amount consistent with the damages sustained, award Jane Doe No. 2's reasonable attorneys' fees, costs. and other costs and disbursements in this action pursuant to 42 U.S.C. § 1988, and award all other further relief to which Jane Doe No. 2 may be entitled including exemplary and punitive damages if discovery so merits.

**ANSWER:   WHEREFORE, Defendants respectfully request this Honorable Court enter an Order dismissing the above entitled litigation, denying all relief sought therein and awarding these Defendants their costs and attorney fees so wrongfully incurred.**

Respectfully Submitted,

**Cummings, McClorey, Davis & Acho, P.L.C.**

By:    /s/ TIMOTHY S. FERRAND
Timothy S. Ferrand (P39583)
Attorney for Clinton County, Dush,
Sheriff's Office and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
Dated: September 2, 2025    tferrand@cmda-law.com

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

HAYLEY MAE ESSENBERG,

     Plaintiff,

v.

Case No.: 25-cv-00368

Judge Robert J. Jonker

Mag. Judge Ray Kent

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality,
SHERIFF SEAN DUSH, individually and as employee/agent Clinton County,
CLINTON COUNTY SHERIFF'S OFFICE, JOHN DOES, to be named
individually and as employees/agents Clinton County
ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation

     Defendants.

| | |
|---|---|
| JACOB A. PERRONE (P71915)<br>Dragon Lawyers PC<br>Attorney for Plaintiff<br>325 East Grand River Ave., Suite 250<br>East Lansing, MI 48823<br>(844) 525-3529<br>Jacob.perrone@yahoo.com | TIMOTHY S. FERRAND (P39583)<br>Cummings, McClorey, Davis & Acho, PLC<br>Attorney for Clinton County, Dush,<br>Sheriff's Office and John Does<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com |

## **AFFIRMATIVE DEFENSES**

Defendants, CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH,

CLINTON COUNTY SHERIFF'S OFFICE and JOHN DOES, by and through their

attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for their

Affirmative Defenses provide as follows:

     1.    Plaintiff has failed to state a claim and/or cause of action upon which

relief may be granted.

{02278560-1 }

2.      Plaintiff cannot proceed in this litigation under the pseudonym Jane Doe No. 2.

3.      Clinton County is a governmental entity which cannot be held liable for the alleged constitutional deprivations based on a theory of respondeat superior or vicarious liability.

4.      Plaintiff has failed to identify a policy, practice or custom of Clinton County which violates the Constitution and/or demonstrate how the policy, practice or custom was the moving force behind any alleged constitutional deprivation.

5.      Clinton County is not a proper party to this litigation as Clinton County has no constitutional or statutory authority over the operations of the Clinton County Sheriff's Deputies, Correction's Officers or the Clinton County Jail.

6.      The Clinton County Sheriff's Office is not a legal entity subject to suit.

7.      Sheriff Sean Dush is a constitutional officer with the statutory authority to operate the Clinton County Jail.  The County Sheriff cannot be held liable on a theory of respondeat superior or vicarious liability.

8.      Plaintiff has failed to identify a Sheriff's policy, practice or custom which violates the constitution and/or demonstrate how any of the Sheriff's policies, practices or customs are the moving force behind any alleged constitutional deprivation.

9.      Plaintiff has failed to plead a claim for supervisory liability against

Sheriff Dush or show a basis in law or fact for supervisory liability.

10.    Sheriff Dush, and the John Doe Deputies are entitled to good faith and qualified immunity.

11.    Plaintiff has failed to plead or identify any act, action or occurrence attributable to Sheriff Dush or the John Doe Deputies which violates a clearly established constitutional right.

12.    Plaintiff has failed to plead or identify facts which would support a claim of supervisory liability against the John Doe Deputies.

13.    Plaintiff has failed to identify and serve John Doe Defendants with process.

14.    Plaintiff's claims for failure to diagnose and properly treat an underlying medical condition sound in malpractice and are barred by governmental immunity. These claims cannot support a theory of deliberate indifference.

15.    Plaintiff's claims regarding prescribed medications and prescribed methods of treatment sound in malpractice and are barred by governmental immunity. These claims cannot support a theory of deliberate indifference.

16.    Plaintiff's claims under the Fourth, Fifth and Eighth Amendments of the United States Constitution are barred by Plaintiff's failure to state facts to support a Fourth, Fifth or Eighth Amendment claim.

17.    Plaintiff has failed to allege facts to support an excessive force or

unlawful seizure claim under the Fourth Amendment.

18.    Plaintiff has failed to allege facts to support a Fifth Amendment claim on any theory.

19.    Plaintiff has failed to allege facts to support a claim for cruel and unusual punishment and is not a post-conviction detainee as defined by the Eighth Amendment.

20.    Plaintiff has failed to plead a proper *Monell* claim.

21.    Plaintiff's allegations of *Monell* liability against the Clinton County Jail (which is not a legal entity) and/or Clinton County (which does not make operational policy for the jail) are improperly framed against improper parties.

22.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations including the statute of limitations applicable to claims against a County sheriff.

23.    Plaintiff's claims are barred by the absence of deliberate indifference, the absence of individual Defendants' knowledge of facts from which an inference of substantial risk of harm existed and the absence of evidence that any Defendant drew an inference or should have drawn an inference of substantial risk of harm and thereafter intentionally or recklessly denied medical care or acted recklessly in regard thereto.

24.    Plaintiff's claims are barred by Plaintiff's intentional negligent and

grossly negligent conduct.

25.    Plaintiff's claims are barred by Plaintiff's failure to disclose underlying medical conditions, care and treatment.

26.    Plaintiff's claims are barred as Plaintiff received medical care and treatment from independent medical providers.

27.    Plaintiff's claims are barred as these Defendants are not medical providers and cannot diagnose, treat or direct medical care or treatment.

28.    Plaintiff's claims are barred by Plaintiff's negligence which was 51% or more the cause of the event and injury complained of.

29.    Plaintiff's claims are barred to the extent that Plaintiff's percentage of fault is greater than the aggregate fault of all other parties.

30.    Plaintiff's claims may be barred in whole or in part by Plaintiff's voluntary intoxication and consumption of alcohol and or controlled substances was the cause of the event and injury complained of.

31.    Plaintiff's claims are barred by Plaintiff's failure to mitigate.

32.    Defendants reserve the right to add additional Affirmative Defenses as they become known through investigation and the discovery process.

Respectfully Submitted,

**Cummings, McClorey, Davis & Acho, P.L.C.**

By:    /s/ TIMOTHY S. FERRAND
Timothy S. Ferrand (P39583)
Attorney for Clinton County, Dush,
Sheriff's Office and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
Dated: September 2, 2025    tferrand@cmda-law.com

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

HAYLEY MAE ESSENBERG,

     Plaintiff,

                                         Case No.: 25-cv-00368

                                         Judge Robert J. Jonker

v.                                      Mag. Judge Ray Kent

CLINTON COUNTY, MICHIGAN, a state of Michigan municipality,
SHERIFF SEAN DUSH, individually and as employee/agent Clinton County,
CLINTON COUNTY SHERIFF'S OFFICE, JOHN DOES, to be named
individually and as employees/agents Clinton County
ADVANCED CORRECTIONAL HEALTHCARE, INC., an Illinois corporation

     Defendants.

| | |
|---|---|
| JACOB A. PERRONE (P71915) | TIMOTHY S. FERRAND (P39583) |
| Dragon Lawyers PC | Cummings, McClorey, Davis & Acho, PLC |
| Attorney for Plaintiff | Attorney for Clinton County, Dush, |
| 325 East Grand River Ave., Suite 250 | Sheriff's Office and John Does |
| East Lansing, MI 48823 | 19176 Hall Road, Suite 205 |
| (844) 525-3529 | Clinton Township, MI  48038 |
| Jacob.perrone@yahoo.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## <u>RELIANCE ON JURY DEMAND</u>

     Defendants, CLINTON COUNTY, MICHIGAN, SHERIFF SEAN DUSH,

CLINTON COUNTY SHERIFF'S OFFICE and JOHN DOES, by and through their

attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., hereby rely upon

the Jury Demand previously filed by Plaintiff in the above-entitled cause of action.

{02278560-1 }

Respectfully Submitted,

**_Cummings, McClorey, Davis & Acho, P.L.C._**

By:    _/s/ TIMOTHY S. FERRAND_
Timothy S. Ferrand (P39583)
Attorney for Clinton County, Dush,
Sheriff's Office and John Does
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
Dated: September 2, 2025    tferrand@cmda-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 2, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [none]

**Cummings, McClorey, Davis & Acho, PLC**

By:    /s/ TIMOTHY S. FERRAND