IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Hayley Mae Essenberg

    Plaintiff,

v.

Clinton County et al

    Defendants,

Case No.: 1:25-cv-00368
District Judge: Robert J. Jonker
Magistrate Judge: Ray Kent

---

| DRAGON LAWYERS, PC | CHAPMAN LAW GROUP |
|---|---|
| Jacob A. Perrone (P71915) | Devlin K. Scarber (P64532) |
| *Attorney for Plaintiff* | *Advanced Correctional Healthcare, Inc.* |
| 325 East Grand River Ave., Suite 250 | 1441 West Long Lake Rd., Suite 310 |
| East Lansing, MI 48823 | Troy, MI 48098 |
| (844) 525-3529 | (248) 644-6326 |
| jacob.perrone@yahoo.com | dscarber@chapmanlawgroup.com |

CUMMINGS MCCLOREY DAVIS & ACHO PLC
Timothy S. Ferrand (P39583)
*Attorney for Clinton County Defendants*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

---

**DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.'S
EMERGENCY MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

    NOW COMES Defendant ADVANCED CORRECTIONAL HEALTHCARE, INC., by and through its attorneys, CHAPMAN LAW GROUP, and for its Emergency Motion for Enlargement of Time to Respond to Plaintiff's Complaint, states as follows:

    1. On April 2, 2025, according to the court's docket, Plaintiff filed her original 42 U.S.C. § 1983 Complaint in this matter, naming Clinton County, Sheriff Dush, Clinton County Sheriff's Office, John Doe employees/agents of Clinton County, and Advanced Correctional Healthcare,

1

Inc. (hereinafter "ACH").  (**ECF No. 1**).  Plaintiff's Complaint alleges violations of her Fourth, Fifth, Fourteenth, and Eighth Amendment rights.  *Id.*

2.  Pursuant to Fed. R. Civ. P. 4(m), Plaintiff was required to serve ACH within ninety (90) days after the Complaint was filed, i.e., by July 1, 2025.

3.  According to the court's docket, on April 28, 2025, the court entered an order striking Plaintiff's original Complaint (**ECF No. 1**), ordering that Plaintiff file an Amended Complaint. (**ECF No. 6**).

4.  According to the court's docket, on May 5, 2025, Plaintiff filed her First Amended Complaint (**ECF No. 8**), naming the same parties.

5.  According to the court's docket, on October 23, 2025, after nearly 204 days since filing the Complaint and 114 days after the expiration of Plaintiff's Summons, the Court entered a Show Cause Order against Plaintiff, ordering that Plaintiff's claims are subject to dismissal for failure to timely serve. (**ECF No. 13**).  The Show Cause order required Plaintiff, in writing, to show why her claims against ACH should not be dismissed without prejudice for failure to timely complete service in a manner consistent with Fed. R. Civ. P.  (*Id.*).

6.  It should also be noted that Plaintiff's counsel is representing another plaintiff in a lawsuit filed in the Western District of Michigan Federal Court against many of the same Defendants, including Clinton County, Sheriff Dush, Clinton County Sheriff's Office, various deputies, and ACH. (see *Ludwick v Clinton County, et. al.*, Case No. 1:25-cv-00320-JMB-SJB). The *Ludwick* Complaint was filed on March 23, 2025.

7.  In *Ludwick*, similar to the *Essenberg* case, the plaintiff also failed to timely and properly serve ACH.  Therefore, for similar reasons as in this case, on October 14, 2025 (after 205 days elapsed from the date of filing the complaint with no service), the *Ludwick* Court issued a Report

and Recommendation (R&R) that recommended that *Ludwick* "be dismissed as to Defendant Advanced Correctional Healthcare, Inc., pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. LCivR 41.1 for want of prosecution and failure to comply with the rules and orders of this Court." (see *Ludwick v Clinton County, et. al.*, Case No. 1:25-cv-00320-JMB-SJB, **ECF No. 31, PageID.158**). The R&R remains pending.

8. In *Ludwick*, on November 6, 2025, it appears that to overcome the court's R&R recommendation of dismissal of ACH for failure to serve, Plaintiff's counsel retained a process server to effectuate <u>personal service</u> on an Illinois resident agent who Plaintiff's counsel states "is designated by law to accept service of process on behalf of Advanced Correctional Healthcare Inc. at 208 Lasalle St. Suite 814, Chicago, Il, 60604." (see *Ludwick v Clinton County, et. al.*, Case No. 1:25-cv-00320-JMB-SJB, **ECF No. 36, PageID.193**). In *Ludwick*, the alleged service of process occurred 228 days after the filing of the Complaint.

9. In *Ludwick*, on December 1, 2025 (today's date), Defendant ACH filed its Motion to Dismiss for Failure to State a Claim Pursuant Fed. R. Civ. P. 12(b)(6), and Failure to Serve and Comply with Court Orders Pursuant to Fed. R. Civ. P. 4(m), and Fed. R. Civ. P. 41(b). (see *Ludwick v Clinton County, et. al.*, Case No. 1:25-cv-00320-JMB-SJB, **ECF No. 39, PageID.205**)

10. On December 1, 2025, after 4:00 p.m., at or around the time of filing the *Ludwick* Motion to Dismiss, the undersigned's paralegal did a Western District of Michigan case search and then made the undersigned aware that, in *Essenberg*, Plaintiff counsel Mr. Perrone recently filed a proof of service alleging that, on November 6, 2025, he served via <u>certified mail</u> a resident agent of ACH in Chicago, Illinois (**ECF No. 14**). This alleged service of process occurred approximately 218 days after the Complaint was filed. It appears that Plaintiff Essenberg and/or her counsel served the same corporate resident agent office, CT Corporation Services, on the same date that the

3

*Ludwick* Complaint was allegedly served on ACH. However, it is unclear why the *Ludwick* Complaint was served ACH via personal service and the *Essenberg* Complaint was served via certified mail.

11. On December 1, 2025, after 5:00 p.m., the undersigned spoke with ACH regarding this matter, and ACH was not aware of any service allegedly occurring on November 6, 2025 on the *Essenberg* case herein.

12. Based upon the foregoing facts and reasons, Defendant ACH is requesting an enlargement of time to respond to Plaintiff's Amended Complaint (**ECF No. 9**).

13. Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Defendant ACH believes that there is good cause to allow for an enlargement of time. Under Fed. R. Civ. P. 6(b)(1)(A), a motion filed before the deadline's expiration can be granted with or without notice if good cause is shown. "A party shows good cause by demonstrating a 'reasonable justification' for its failure to complete the requested task within the time prescribed." *Burgess v Bell*, 555 F Supp 2d 855, 857 (E.D. Mich., 2008) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). Here, ACH is filing its motion and requesting this relief before the original time to answer expires. For reasons stated above, ACH was not aware of service on this case. Also, in light of two separate Complaints being allegedly served on the same date at the same place, by the same Plaintiff's attorney, with one being delivered personally and the other being delivered in a post office box, it is likely that ACH never received the herein *Essenberg* Complaint or it is mixed up with *Ludwick*.

14. According to the Court's docket, and according to the alleged date of service, ACH's response to the Complaint would be due on December 1, 2025. Any time after that would be untimely. <u>ACH respectfully requests that their time to respond to the Complaint be extended by only four (4) additional days, with ACH being allowed to respond on or by Friday, December 5,</u>

4

2025. Also, it should be noted that ACH has not failed to defend.  As set forth above, in the *Ludwick* case involving most of the same Defendants and the same Plaintiff's attorney, and similar constitutional claims, ACH has already defended and filed a Motion to Dismiss.  Similarly, in the *Essenberg* case, within the timeframe allotted for ACH to respond to the Complaint, ACH has filed this motion indicating its strong intent to defend the claims being made against it.  Additionally, there is no prejudice or delay to Plaintiff when the Complaint was not served until 218 days after the lawsuit was filed, and Defendant ACH is only seeking a four (4) day extension to respond to the Complaint.

    15. Because of the brief time period involved before filing the herein motion, Defense counsel did not seek, nor have time to seek, concurrence in the relief sought. However, pursuant to Fed. R. Civ. P. 6(b)(1)(A), "with our without motion or notice if the court acts, or if a request is made before the original time or its extension expires," "the court may, for good cause, extend the time." For all of the above reasons, Defendant ACH believes that such good cause exists.

    WHEREFORE, Defendant Advanced Correctional Healthcare, Inc., respectfully requests that this Honorable Court grant its Emergency Motion for Enlargement of Time to Respond to Plaintiff's Complaint, allowing Defendant ACH an additional four (4) days to respond, i.e., by Friday, December 5, 2025.

Dated:  December 1, 2025

Respectfully submitted,
CHAPMAN LAW GROUP
*/s/Devlin Scarber*
Devlin K. Scarber (P64532)
Attorney for Dawn Thelen, L.P.N, and
Advanced Correctional Healthcare, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Hayley Mae Essenberg

    Plaintiff,

v.

Clinton County et al

    Defendants,

Case No.: 1:25-cv-00368
District Judge: Robert J. Jonker
Magistrate Judge: Ray Kent

| DRAGON LAWYERS, PC | CHAPMAN LAW GROUP |
|---|---|
| Jacob A. Perrone (P71915) | Devlin K. Scarber (P64532) |
| *Attorney for Plaintiff* | *Advanced Correctional Healthcare, Inc.* |
| 325 East Grand River Ave., Suite 250 | 1441 West Long Lake Rd., Suite 310 |
| East Lansing, MI 48823 | Troy, MI 48098 |
| (844) 525-3529 | (248) 644-6326 |
| jacob.perrone@yahoo.com | dscarber@chapmanlawgroup.com |

CUMMINGS MCCLOREY DAVIS & ACHO PLC
Timothy S. Ferrand (P39583)
*Attorney for Clinton County Defendants*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

**BRIEF IN SUPPORT OF DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.'S EMERGENCY MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

    In support of Defendant ACH's Motion, Defendant ACH relies upon the foregoing facts, arguments, and procedural rules and law.

Dated:  December 1, 2025

Respectfully submitted,
CHAPMAN LAW GROUP
*/s/Devlin Scarber*
Devlin K. Scarber (P64532)
Attorney for Advanced Correctional Healthcare, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on December 1, 2025, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system.

                                  */s/Devlin K. Scarber*
                                  Devlin K. Scarber (P64532)