UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAYLEY MAE ESSENBERG,

Plaintiff,

v.

COUNTY OF CLINTON et al.,

Defendants.

Case No. 1:25-cv-368

Honorable Robert J. Jonker

# **OPINION**

This is a civil rights action brought by Plaintiff Hayley Mae Essenburg under 42 U.S.C. § 1983. This matter is now before the Court on Defendant Advanced Correctional Healthcare, Inc.'s motion to dismiss (ECF No. 17) for failure to show cause in response to the Court's October 23, 2025, order to show cause (ECF No. 13) and for failure to state a claim on which relief may be granted. For the reasons set forth below, the Court will grant Defendant ACH's motion to dismiss.

## **Discussion**

### **I. Factual and Procedural Background**

Plaintiff sues Clinton County, the Clinton County Sheriff's Office, Clinton County Sheriff Sean Dush, and "John Does" described as "employees/agents Clinton County." (First Am. Compl., ECF No. 9, PageID.39–42.) Additionally, Plaintiff sues Advanced Correctional Healthcare, Inc. (ACH). (*Id.*) Plaintiff alleges that Defendants failed to properly respond to Plaintiff's medical distress during her detention at the Clinton County Jail from March 22, 2024, to March 28, 2024. (*Id.*, PageID.43.)

Plaintiff filed her complaint on April 2, 2025. (ECF No. 1.) On April 28, 2025, the Court ordered the initial complaint stricken and directed Plaintiff to file an amended complaint by May 5, 2025. (ECF No. 6.) Plaintiff filed her first amended complaint on that date.

On October 23, 2025, the Court entered an order directing Plaintiff to show cause for her failure to serve ACH:

> The 90 days to serve defendant Advanced Correctional Healthcare, Inc. expired on July 1, 2025. There is no evidence that plaintiff has served the defendant. Based on this record, plaintiff's claims against Advanced Correctional Healthcare, Inc. are subject to dismissal pursuant to Fed. R. Civ. P. 4(m).
>
> Accordingly, plaintiff shall show cause, in writing, within twenty-one (21) days of the entry of this order, why her claims against defendant Advanced Correctional Healthcare, Inc. should not be dismissed without prejudice for failure to complete service. See Fed. R. Civ. P. 4(m);W.D. Mich. LCivR 41.1. If good cause is not shown within that time, the Court will enter an order dismissing defendant Advanced Correctional Healthcare, Inc.

(Order to Show Cause, ECF No. 13, PageID.90.) Plaintiff did not respond to the order to show cause. Instead, on November 9, 2025, Plaintiff filed a "proof of service" for the ACH summons which, under the signature of Plaintiff's counsel, indicated that three days earlier the summons and attached complaint had been served by certified mail on CT Corporation Services, an entity purportedly designated by law to accept service on behalf of ACH. (ECF No. 14, PageID.92–93.)

On December 8, 2025, ACH responded to the summons and complaint with the motion to dismiss that is now before the Court. Plaintiff's failure to serve the summons and complaint within the time permitted by Rule 4(m), and by then failing to respond at all to the Court's Order to Show Cause is poor practice at a minimum. That, coupled with what may well have been insufficient belated service of process, may well provide sufficient basis for a Rule 41 "no progress" dismissal. It is not necessary to go down that path, however, because Defendant ACH's Rule 12(b)(6) position demonstrates that it is entitled to dismissal on the merits. Plaintiff has failed to plead a *Twombly*-plausible *Monell* claim against Defendant ACH.

## II. Failure to State a Claim on Which Relief May Be Granted

Defendant ACH contends that Plaintiff's complaint fails to state a claim on which relief may be granted against ACH. Federal Rule of Civil Procedure 8 states that a pleading that states a claim for relief must contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Defendant ACH seeks dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff contends that her Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated.

Plaintiff alleges that ACH is an Illinois corporation that contracted with Clinton County to provide medical services to Clinton County Jail inmates. (First Am. Compl., ECF No. 9, PageID.40.) A private entity that contracts with a governmental entity to perform a traditional governmental function like providing healthcare to inmates can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West*, 487 U.S. at 54). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same).

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. 690–91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). "[T]he finding of a policy or custom is the initial determination

to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the entity. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Claiborne Cnty.*, 103 F.3d at 507. "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, Plaintiff fails to allege any plausible basis for concluding that an ACH policy or custom was the moving force behind her alleged constitutional injury. At most plaintiff points to alleged inattention by an employee of defendant, but defendant cannot be liable under Section 1983 on a *respondeat superior* theory. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Plaintiff's attempt to add factual material in her Reply Brief is unavailing; the question is whether plaintiff's operative First Amended Complaint satisfies the *Twombly* test. Moreover, even considering what plaintiff included in her Reply Brief, there is still not a *Twombly*-plausible *Monell* claim. References to other cases filed against defendant, or to hearsay reports about other medical care incidents, fall far short of providing a plausible basis for concluding that defendant had an established policy that was the moving force in the allegedly unconstitutional care plaintiff received in her case. Where a plaintiff fails to allege that a policy or custom existed, dismissal of

the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987). Accordingly, the Court will also dismiss Plaintiff's complaint against ACH for failure to state a claim on which relief may be granted.

**Conclusion**

The Court grants Defendant ACH's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. This makes it unnecessary for the Court to reach the "no progress" aspect of the defense motion.

The Court will enter an order consistent with this opinion.

Dated: September 3, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE