UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAYLEY MAE ESSENBURG,

Plaintiff,

v.

COUNTY OF CLINTON et al.,

Defendants.

Case No. 1:25-cv-368

Honorable Robert J. Jonker

# OPINION

This is a civil rights action brought by Plaintiff Hayley Mae Essenburg under 42 U.S.C. § 1983. This matter is now before the Court on Defendant Advanced Correctional Healthcare, Inc.'s motion to dismiss (ECF No. 17) for failure to show cause in response to the Court's October 23, 2025, order to show cause (ECF No. 13) and for failure to state a claim on which relief may be granted. For the reasons set forth below, the Court will grant Defendant ACH's motion to dismiss on both grounds.

## Discussion

### I. Factual and Procedural Background

Plaintiff sues Clinton County, the Clinton County Sheriff's Office, Clinton County Sheriff Sean Dush, and "John Does" described as "employees/agents Clinton County." (First Am. Compl., ECF No. 9, PageID.39–42.) Additionally, Plaintiff sues Advanced Correctional Healthcare, Inc. (ACH). (*Id.*) Plaintiff alleges that Defendants failed to properly respond to Plaintiff's medical distress during her detention at the Clinton County Jail from March 22, 2024, to March 28, 2024. (*Id.*, PageID.43.)

Plaintiff filed her complaint on April 2, 2025. (ECF No. 1.) On April 28, 2025, the Court ordered the initial complaint stricken and directed Plaintiff to file an amended complaint by May 5, 2025. (ECF No. 6.) Plaintiff filed her first amended complaint on that date.

On October 23, 2025, the Court entered an order directing Plaintiff to show cause for her failure to serve ACH:

> The 90 days to serve defendant Advanced Correctional Healthcare, Inc. expired on July 1, 2025. There is no evidence that plaintiff has served the defendant. Based on this record, plaintiff's claims against Advanced Correctional Healthcare, Inc. are subject to dismissal pursuant to Fed. R. Civ. P. 4(m).
>
> Accordingly, plaintiff shall show cause, in writing, within twenty-one (21) days of the entry of this order, why her claims against defendant Advanced Correctional Healthcare, Inc. should not be dismissed without prejudice for failure to complete service. See Fed. R. Civ. P. 4(m);W.D. Mich. LCivR 41.1. If good cause is not shown within that time, the Court will enter an order dismissing defendant Advanced Correctional Healthcare, Inc.

(Order to Show Cause, ECF No. 13, PageID.90.) Plaintiff did not respond to the order to show cause. Instead, on November 9, 2025, Plaintiff filed a "proof of service" for the ACH summons which, under the signature of Plaintiff's counsel, indicated that three days earlier the summons and attached complaint had been served by certified mail on CT Corporation Services, an entity purportedly designated by law to accept service on behalf of ACH. (ECF No. 14, PageID.92–93.)

On December 8, 2025, ACH responded to the summons and complaint with the motion to dismiss that is now before the Court.

## II. Failure to Demonstrate Cause for Delay in Effecting Service

Federal Rule of Civil Procedure 4(m) provides a 90-day deadline after a complaint is filed to serve the summons and complaint. Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Western District of Michigan Local Civil Rule 41.1 explains further that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, the presiding judge may enter an order of dismissal with or without prejudice, with or without costs.

W.D.Mich. LCivR 41.1. Even though it is only a local rule, it carries the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (noting that "[a] district court has discretion to adopt local rules [and t]hose rules have 'the force of law'" (citations omitted)).

Plaintiff failed to timely serve a summons and complaint on ACH. The Court directed Plaintiff to show cause for that failure. The Court advised Plaintiff that, absent some demonstration of cause within twenty-one days, the Court would enter an order dismissing Defendant ACH. Although Plaintiff has responded to Defendant ACH's motion to dismiss, she has made no effort to show cause for her failure to timely serve ACH. Accordingly, pursuant to Local Civil Rule 41.1, the Court will dismiss Plaintiff's claims against ACH with prejudice.

## III. Failure to State a Claim on Which Relief May Be Granted

Defendant ACH also contends that Plaintiff's complaint fails to state a claim on which relief may be granted against ACH. Federal Rule of Civil Procedure 8 states that a pleading that states a claim for relief must contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Defendant ACH seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff contends that her Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated.

Plaintiff alleges that ACH is an Illinois corporation that contracted with Clinton County to provide medical services to Clinton County Jail inmates. (First Am. Compl., ECF No. 9, PageID.40.) A private entity that contracts with a governmental entity to perform a traditional governmental function like providing healthcare to inmates can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West*, 487 U.S. at 54). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same).

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. 690–91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). "[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the entity. *See Monell*, 436 U.S. at 690. Moreover, the United States

Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Claiborne Cnty.*, 103 F.3d at 507. "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, Plaintiff fails to allege that any ACH policy or custom was the moving force behind her alleged constitutional injury. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987). Accordingly, the Court will also dismiss Plaintiff's complaint against ACH for failure to state a claim on which relief may be granted.

## Conclusion

The Court will grant Defendant ACH's motion to dismiss on two grounds. First, under Federal Rules of Civil Procedure 4(m) and 41(b) and Western District of Michigan Local Civil Rule 41.1, the Court will dismiss Plaintiff's complaint against ACH with prejudice because Plaintiff did not show cause for her failure to serve ACH within the deadline established by the rules. Second, under Federal Rule of Civil Procedure 12(b)(6), the Court will dismiss Plaintiff's complaint against ACH for failure to state a claim on which relief may be granted.

The Court will enter an order consistent with this opinion.

Dated: September 3, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge