UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAYLEY MAE ESSENBERG,

Plaintiff,

Case No. 1:25-cv-368

v.

Hon. Robert J. Jonker

CLINTON COUNTY, MICHIGAN *et al.*,

Defendants.
_______________________________/

**REPORT AND RECOMMENDATION**

This is a civil right action brought by a former inmate of the Clinton County Jail under 42 U.S.C. § 1983. By order to show cause entered October 26, 2026, (ECF No. 46), the undersigned directed Plaintiff to show cause for her repeated failures to timely respond to the Court's orders and otherwise prosecute this action. I noted that Plaintiff had failed to timely respond to the Court's order directing Plaintiff to file notice of her true name (ECF No. 8); failed to respond to the Court's prior order to show cause (ECF No. 13); failed to respond to Defendants' First Interrogatories and Requests for Production of Documents; failed to respond to Defendants' Motion to Compel Answers to Defendants' First Interrogatories and Requests for Production of Documents; failed to comply with the Court's deadline for providing Answers to Defendants' First Interrogatories and Requests for Production of Documents (ECF No. 35); failed to comply with the Court's order to provide full and complete Answers to Defendants' First Interrogatories and Requests for Production of Documents (ECF No. 35); and failed to respond to Defendants' motion for sanctions (ECF No. 37).

The Plaintiff has similarly failed to respond to the Court's most recent order to show cause. The Court advised Plaintiff that a failure to show cause might result in an order dismissing this action without prejudice. (ECF No. 46.)

Where a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including, among others, an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). The rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

In determining whether to dismiss a case with prejudice under either Rule 37(b)(2)(A)(v) or Rule 41(b), the Court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514, 521 (6th Cir. 2016) (quoting Knoll, 176 F.3d at 363). "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id.* (quoting *Schafer*, 529 F.3d at 737, quoting Webster's Third New International Dictionary 497 (1986)). "If dismissal was warranted by

contumacious conduct, the importance 'of the remaining three factors' fades 'in the face of th[is] conclusion.'" *Id.* (quoting *Knoll*, 176 F.3d at 366).

All factors are present in this case and accordingly dismissal with prejudice is called for. On February 11, 2026, the Court entered a case management order calling for the completion of discovery by October 5, 2026. (ECF No. 26.) On March 11, 2026, Defendants' served their first discovery requests. Plaintiff simply did not respond. Defendants pursued resolution of the issue informally for weeks. Plaintiff appeared amenable to the resolutions offered, but then never complied. Eventually Defendants filed their motion to compel. Again Plaintiff did not respond. The Court ordered Plaintiff to respond to the interrogatories. Plaintiff ignored the deadline. The responses Plaintiff served nearly two weeks late provided little of the information requested. So, Defendants moved for sanctions. Plaintiff then failed to respond to that motion. The discovery deadline passed without Plaintiff providing the most basic discovery.

Plaintiff's complete failure to participate in the action she commenced remains unexplained and inexplicable. Her conduct displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Bradley J. Delp*, 665 F.App'x at 521–522 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)) (internal quotation marks omitted). The undersigned can only conclude that Plaintiff's actions are motivated by bad faith or willfulness.

The undersigned concludes that Defendants have been prejudiced by Plaintiff's dilatory tactics. Defendants have incurred significant expense in the pursuit of discovery that, after months of effort, have resulted in no more information to prepare a defense than was available when Plaintiff filed her complaint. That is the type of prejudice that the Sixth Circuit has stated "weighs in favor of finding . . . dismissal . . . was appropriate." *Id.* at 523.

With regard to the "key consideration" of prior notice, *Schafer*, 529 F.3d at 737, the Court has warned Plaintiff of potential sanctions for failure to comply before. In the Court's October 23, 2015, order to show cause, the Court advised Plaintiff that failure to show cause would result in "an order dismissing defendant Advanced Correctional Healthcare," to no avail. (ECF No. 13, PageID.90.) In the Court's order compelling Plaintiff's responses to Defendants first interrogatories and requests for the production of documents, the Court warned that failure to comply would "result in sanctions, including defendants' cost and attorney fees incurred in filing the motion," to no avail. (ECF No. 35, PageID.308.) This factor also weighs in favor of dismissal.

Finally, the undersigned concludes that no sanction other than dismissal could be effective at this point. No prior order from the Court has moved Plaintiff to action. Plaintiff should not be permitted to continue imposing unnecessary burdens on the Court or Defendants.

## Recommendation

For the reasons set forth above, I respectfully recommend that Plaintiff's complaint be dismissed as a sanction for her for failure to participate in discovery and for her failure to prosecute this action. If the Court adopts that recommendation, it will resolve all claims against all parties.

Dated: November 18, 2026

/s/ Ray Kent
RAY KENT
United States Magistrate Judge